UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ODOM,

        Plaintiff,

v.

E. COE HILL, et al.,

        Defendants.

_____/

CASE No. 1:21-cv-403

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

### INTRODUCTION

This is a prisoner civil rights lawsuit alleging a denial of medical care in violation of the Eighth Amendment and retaliation in violation of the First Amendment. This Order addresses Plaintiff's claims against the MDOC Defendants; Villasan and Williams.[1] On February 28, 2022, the MDOC Defendants filed a motion for summary judgment claiming that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (ECF No. 25). Plaintiff has separately filed a motion seeking to compel discovery. (ECF No. 50).

Magistrate Judge Kent denied Plaintiff's motion to compel discovery in an order dated July 28, 2022. (ECF No. 53). In the same Order the Magistrate Judge stayed discovery until resolution of the two motions for summary judgment. (*Id.*). Separately, Magistrate Judge Kent issued a

---

[1] Plaintiff has also sued a group of Corizon Defendants. On June 18, 2022, the Corizon Defendants filed a separate motion seeking partial summary judgment that is also based on failure to exhaust. (ECF No. 42). The motion remains pending before the Magistrate Judge and is not the subject of this order.

Report and Recommendation that recommended the Court grant the MDOC Defendants' motion for summary judgment because Plaintiff had failed to exhaust his administrative remedies prior to filing suit.

On August 15, 2022, Plaintiff filed an Objection to both the Magistrate Judge's Order staying discovery and the Magistrate Judge's Report and Recommendation. (ECF No. 57). The Court has reviewed Magistrate Judge Kent's Order (ECF No. 53) and the Report and Recommendation (ECF No. 54). The Court has further reviewed Plaintiff's Objection (ECF No. 57). After a review of these and all other materials of record, the Court affirms the Magistrate Judge's discovery Order; and approves and adopts the part of the Magistrate Judge's Report and Recommendation regarding MDOC Defendant Villasan, and rejects the part regarding MDOC Defendant Williams.

**1. Plaintiff's Objection to the Discovery Order**

Plaintiff first objects to the Magistrate Judge's Order on discovery issues. This objection is treated as an appeal of a nondispositive motion. In considering an appeal of a magistrate judge's ruling on a nondispositive pretrial motion, the Court applies a "clearly erroneous or contrary to law" standard of review. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *accord Brown b. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (citing 28 U.S.C. § 636(b)(1)(a)); *see also* FED. R. CIV. P. 72(a) (District Judge must consider timely objections to nondispositive pretrial orders of magistrate judge and modify or set aside any part of order that is clearly erroneous or contrary to law). A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer*

*City, North Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court finds no error in the Magistrate Judge's decision to deny Plaintiff's discovery motion and to stay discovery. The Magistrate Judge applied the appropriate law and accurately followed the provisions of the case management order. Accordingly, the Magistrate Judge's order is affirmed and Plaintiff's objection, taken as an appeal, is denied.

**2. Plaintiff's Objections to the Report and Recommendation**

Plaintiffs remaining objections all relate to Magistrate Judge's Report and Recommendation on the MDOC Defendant's summary judgment motion on exhaustion. Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objection. After its review, the Court adopts portions, and rejects other portions, of the Report and Recommendation.

### A. *Objections Regarding 723 Grievance (Defendant Villasan)*

Plaintiff's first and fourth objections to the Report and Recommendation challenge the Magistrate Judge's conclusion that Plaintiff failed to exhaust a claim against Defendant Villasan in the 723 grievance. Plaintiff's underlying claim is that Defendant Villasan, and others, falsified, altered, and deleted information out of his medical files. Specifically as it relates to Defendant Villasan, Plaintiff says he filled out a kite seeking treatment for an infection and for a burn on his arm, and Defendant Villasan refused to treat him because both complaints were listed in a single kite. (ECF No. 26-4, PageID.210). The grievance was rejected "per PD 03.02-130" for "multiple issues [and] no attempt to resolve prior to filing." The rejection was upheld at Step II (*Id.* at PageID.209) and at Step III (*Id.* at PageID.210). The Magistrate Judge carefully and thoroughly considered the record and applicable law on exhaustion. As the Report and Recommendation details, Plaintiff failed to exhaust his claims in the 723 grievance. A prisoner must first attempt to resolve a problem with the staff member. Plaintiff did not do that here, and nothing within his objections disturbs the Magistrate's analysis on this point. The Court agrees with the Magistrate Judge that Plaintiff failed to exhaust his claims in the 723 grievance.

### B. *Objection Regarding 1237 Grievance (Defendant Williams)*

As the Magistrate Judge recited, Grievance 1237 is directed at R.N. Williams and relates to Plaintiff's claim that on December 12, 2020, R.N. Williams conspired to retaliate against Plaintiff for filing a grievance against another staff member, R.N. Hill. To that end, R.N. Williams allegedly issued Plaintiff a misconduct ticketed related to his med line attendance in retaliation for filing earlier grievances. In its motion, MDOC argues that Defendant failed to exhaust a retaliation claim against Defendant Williams either through the grievance or the misconduct hearing process. After careful review, the Court respectfully disagrees with the Magistrate Judge that defense has

4

met their summary judgment burden on the affirmative defense of exhaustion. Rather, the Court finds a genuine issue of material fact on this point that precludes summary judgment on the basis of exhaustion on Plaintiff's retaliation claim against Defendant Williams. The factual dispute may be the subject of a bench trial before the magistrate judge.

The Court begins with the grievance process. MDOC rejected Plaintiff's grievance on two grounds: (1) it was non-grievable as part of the "hearing process of a misconduct" and (2) plaintiff did not attempt to resolve the matter with the staff directly involved prior to filing the grievance. Beginning with the second ground first, the Court discerns a question of fact on exhaustion that precludes summary judgment for the defense. As recited by the magistrate judge, under the grievance process applicable to MDOC prisoners, "[p]rior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue." MDOC Policy Directive ("PD") 03.02.130 ¶ Q (effective Mar. 18, 2019). There is at least a question of fact as to whether Plaintiff did so here. In the 1237 grievance Plaintiff wrote that he attempted to resolve the issue with Defendant Williams on December 12, 2020, and again on December 16, 2020. In the body of the grievance, Plaintiff states that after he received the misconduct ticket on December 16, 2020, he went to Defendant Williams (who had issued the misconduct ticket) "to speak directly with Ms. Williams and to ask her, "Why did you write me a misconduct when you told me that I wouldn't get a ticket if I didn't come to this call-out." (ECF No. 26-4, PageID.200). There is at least a question, then, whether the grievance was improperly rejected on this ground.[2]

---

[2] It is true Plaintiff did not state his attempt in the portion of the grievance form designated for that purpose. However, the LCF grievance coordinator apparently allowed Plaintiff to explain the "attempt to resolve" in the body of his grievances. *See e.g.*, LCF 2020-12-1153-12z (ECF No. 26-4, PageID.185).

The other ground articulated for rejecting the grievance was that it was related to the hearing process of misconduct. Here too the Court has its doubts about whether Plaintiff failed to exhaust through the grievance process. As noted, MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Under this policy directive, a grievance shall be rejected if the "prisoner is grieving a decision made in a Class I [II, or III] misconduct hearing." *Id.* at ¶ J.9 and 11. The policy directive specifies that a grievance may be rejected for raising "issues directly related to the hearing process (e.g., sufficiency of witness statements, timeliness of misconduct review; timeliness of hearing)." *Id.* at ¶ J.9.

The defense says the relation to the hearing process of misconduct was a sound reason for rejection based on the Sixth Circuit case of *Siggers v. Campbell*, 652 F.3d 681 (6th Cir. 2011). In several cases, this Court has previously noted that the defense interpretation of *Siggers* may be overbroad. *See, e.g.*, *Hamby v. Rogers*, No. 2:18-cv-154 (W.D. Mich. Mar. 18, 2020) (ECF No. 27, PageID.148). If a prisoner disputes the conduct the ticket alleges, it makes sense to require exhaustion during the hearing because the factual basis of the ticket is implicated. A retaliatory motive undermines the credibility of the officer's statement, which is usually the primary evidence in the case and is necessarily part of the hearing. But where, as here, the prisoner does not dispute the conduct charged in the ticket, but claims that the officer actually wrote the misconduct charge to retaliate when she would not have written the ticket otherwise, *Siggers* may not require the prisoner to raise the issue in the misconduct proceeding. An earlier unpublished decision of the Sixth Circuit, *Reynolds-Bey v. Harris*, 428 F. App'x 493 (6th Cir. 2011), suggests the filing of retaliatory misconduct reports is a grievable issue under the MDOC policy directives. The policy directive has been updated since the decision in *Reynolds-Bay*, however the court discerns no meaningful difference. "As distinct from the outcomes of misconduct *hearings,*" including issues

6

directly related the hearing process, "the filing of retaliatory misconduct *reports* is grievable under MDOC Policy Directive 03.02.130." *Id.* at 496.

The Court need not press further on the issue and the precise parameters of *Siggers* here, however, because even if *Siggers* is read as broadly as MDOC suggests, the Court finds there is a factual dispute about whether Plaintiff raised retaliation during the misconduct hearing that precludes summary judgment. MDOC argues that Plaintiff failed to raise retaliation during his misconduct hearing claim. The defense relies on the misconduct report and the written statement Plaintiff produced at the hearing. (ECF No. 26, PageID.144). While these items do not establish that Plaintiff raised his retaliation claim during the hearing, neither do they demonstrate that Plaintiff failed to do so. The record contains contrary assertions, some submitted under the penalty of perjury in compliance with 28 U.S.C. § 1726, that Plaintiff did raise retaliation during his misconduct hearing. Plaintiff says as much in his declaration. (ECF No. 34-2, PageID.447). Retaliation is mentioned in his appeal materials as well. (ECF No. 34-3, PageID.453). Simply put, the record does not definitely establish that Plaintiff failed to raise the issue of retaliation during the administrative hearing.[3] Accordingly, the Court concludes that the defense has failed to meet its burden on Plaintiff's retaliation claim against Defendant Williams.

---

[3] In his declaration, Plaintiff avers that after he raised retaliation at the hearing, the hearing officer told him he needed to raise the issue through the administrative grievance process. (ECF No. 34-2, PageID.448). Accepting this assertion as true for purposes of summary judgment, the Court notes this type of scenario is not one that is apt for summary judgment. *Vesey v. Trowbridge*, No. 3:21-CV-10116, 2022 WL 2920418, at *6 (E.D. Mich. July 5, 2022), *report and recommendation adopted*, No. 21-CV-10116, 2022 WL 2918886 (E.D. Mich. July 25, 2022) (defense motion for summary judgment on the basis of exhaustion where hearing officer allegedly told the plaintiff to file a grievance and noting such a process puts the prisoner between the proverbial "rock and a hard place").

The question remains whether the fact issues of exhaustion must be resolved by a jury, or whether an evidentiary hearing or bench trial would be appropriate. The Sixth Circuit Court of Appeals has determined that "disputed issues of fact regarding exhaustion under the PLRA present[] a matter of judicial administration that could be decided in a bench trial." *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). This includes credibility determinations. *Id.* at 680. This district has recognized and approved the procedure. *Jackson v. Coronado*, No. 2:18-cv-19, 2019 WL 3886541 (W.D. Mich. Aug. 19, 2010). The matter accordingly is remanded to the Magistrate Judge to conduct an evidentiary hearing, or bench trial, and to file a Report and Recommendation to the District Judge on the disputed factual issue.[4]

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Magistrate Judge's Order on discovery issues (ECF No. 53) is **AFFIRMED.** Plaintiff's objection to it, taken as an appeal, is **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 54) is approved and adopted in part, and rejected in part as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment on the basis of exhaustion is **GRANTED IN PART** and **DENIED IN PART**. Defendants are granted summary judgment with respect to Plaintiff's claim against Defendant Villasan. Defendant Villasan is **DISMISSED** as a defendant from this case. The motion as it relates to Defendant

---

[4] In another case in which an evidentiary hearing on exhaustion was ordered, the defendants withdrew their exhaustion defense and the matter proceeded on the merits of the plaintiff's claim through discovery and into dispositive motion practice with an eventual Report and Recommendation on the merits issued by the magistrate judge. *See Annabel v. Novak*, Case No. 1:19-cv-199 (W.D. Mich. Dec. 4, 2020). This litigation may or may not proceed along a similar course. Either way, the matter as to Defendant Williams is remanded to the magistrate judge for further proceedings.

Williams is **DENIED.** The fact issues on exhaustion identified by the Court may be resolved in a bench trial before the magistrate judge.

Dated: September 9, 2022          /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE